UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINIMEN H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:23-cv-00176-JMS-MG |
| | ) |
| KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| | ) |
| Defendant. | |

## ENTRY REVIEWING THE COMMISSIONER'S DECISION

Plaintiff Cinimen H. applied for disability insurance benefits ("DIB") from the Social Security Administration ("SSA") on December 28, 2020, alleging an onset date on November 3, 2020. [Filing No. 8-5 at 2-3.] Her application was denied initially on March 16, 2021, [Filing No. 8-4 at 5-9], and on reconsideration on September 28, 2021, [Filing No. 8-4 at 16-20]. Administrative Law Judge Albert Velasquez ("the ALJ") conducted a hearing on April 13, 2022, [Filing No. 8-2 at 30-47], before issuing a decision on May 19, 2022, concluding that Cinimen H. was not entitled to benefits. [Filing No. 8-2 at 16-29.] The Appeals Council denied review on December 1, 2022. [Filing No. 8-2 at 2-7.] On January 27, 2023, Cinimen H. filed this action pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c), seeking a review of the denial of her benefits. [Filing No. 1.]

---

[1] To protect the privacy interests of claimants for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

1

# I.
## STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1151 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154). "Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)). The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted). "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). "An award of benefits is appropriate only where all factual issues have been resolved and the 'record can yield but one supportable conclusion.'" *Id.* (quoting *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).

## II.
### BACKGROUND

Cinimen H. was 50 years old on her alleged onset date.[2] [*See* Filing No. 8-5 at 2.] She has an eleventh-grade education, [*see* Filing No. 8-2 at 33], has worked as a book binder since 2007, [Filing No. 8-2 at 37], and at the time of the ALJ's hearing was working two days a week in that position, [Filing No. 8-2 at 35].[3]  The ALJ followed the SSA's five-step sequential evaluation in 20 C.F.R. § 404.1520(a) and concluded that Cinimen H. was not disabled.  [Filing No. 8-2 at 16-25.]  Specifically, the ALJ found as follows:

- At Step One, Cinimen H. has not engaged in substantial gainful activity[4] since November 3, 2020, her alleged onset date.  [Filing No. 8-2 at 18.]

- At Step Two, she has the following severe impairments: spine disorder, chronic obstructive pulmonary disease ("COPD"), and cardiomyopathy.  [Filing No. 8-2 at 18-19.]

- At Step Three, she does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [Filing No. 8-2 at 19.]

- After Step Three but before Step Four, she had the RFC to perform light work except that she "has the option to alternate to a sitting or standing position at the work station for two minutes each hour; no climbing of ropes, ladders, or scaffolds; no more than occasional climbing of stairs or ramps; occasional balancing, kneeling, stooping, and crouching but no crawling; no rapid head or neck movement; must avoid concentrated exposure to unprotected heights, working around unprotected dangerous moving machinery, operating a commercial motor vehicle or working around open flames or large bodies of water; avoid concentrated exposure to fumes, gases, respiratory irritants and extremes of temperature and humidity."  [Filing No. 8-2 at 19-24.]

---

[2] The ALJ determined that Cinimen H. meets the insured status requirements of the Social Security Act through December 31, 2026.  [Filing No. 8-2 at 18.]

[3] The relevant evidence of record is amply set forth in the parties' briefs and need not be repeated here.  Specific facts relevant to the Court's disposition of this case are discussed below.

[4] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized).  20 C.F.R. § 404.1572(a).

- At Step Four, she is unable to perform any past relevant work as a book binder. [Filing No. 8-2 at 24.]

- At Step Five, relying on the testimony of the vocational expert ("VE") and considering Cinimen H.'s age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform in representative occupations including assembler, sorter, and office helper. [Filing No. 8-2 at 24-25.]

## III.
### DISCUSSION

Cinimen H. argues that: (1) the RFC is not sufficiently supported because the ALJ (a) failed to explain his rationale for finding that alternating positions for two minutes each hour adequately accommodates her difficulties with sitting, standing, and walking, and (b) impermissibly omitted any limitations for hand usage despite objective evidence documenting numbness and tingling in her hands; and (2) the ALJ failed to properly assess her subjective statements as required by Social Security Regulation ("SSR") 16-3p. [Filing No. 10 at 4.] The Court will address each issue in turn.

### A. The ALJ's RFC Assessment

Cinimen H. argues that the ALJ erred in crafting her RFC by including a two-minute each hour accommodation to alternate between sitting and standing without explaining his reasoning. [Filing No. 10 at 14-18.] She contends that the restriction "was seemingly pulled out of thin air" and "not based on any evidence that two minutes would be sufficient" to accommodate her difficulties with pain, numbness, and tingling. [Filing No. 10 at 14-16.] She also argues that the ALJ failed by not providing a limitation on fine or gross hand manipulation despite acknowledging her reports that her hands become numb and that she drops objects, and the medical records that document the same. [Filing No. 10 at 16-18.] She contends that the ALJ's reliance on her "generally . . . intact sensation and full strength in the upper extremities" to justify the lack of a

5

hand limitation was misguided because the ALJ omitted "the significance of [a] median nerve compression test which objectively verifies her onset of numbness and tingling in her hands." [Filing No. 10 at 17.] Accordingly, Cinimen H. argues that "the ALJ employed an incomplete and illogical analysis in his determination," such that there is no "logical bridge from the evidence to his conclusion" and that remand is required. [Filing No. 10 at 17-18 (quotation and citation omitted).]

The Commissioner responds that "[t]he ALJ based the RFC finding on the uncontradicted findings of two medical experts" and that Cinimen H.'s "own account of her functioning was not persuasive." [Filing No. 12 at 11.] The Commissioner asserts that the ALJ nevertheless "generously afforded [Cinimen H.] a sit/stand option for brief periods after hearing her complaints and accounting for her back tenderness." [Filing No. 12 at 12.] The Commissioner also argues that the ALJ did not need "to explain the basis of a sit/stand option more fully or precisely" because "the ALJ does not need to engage in a function-by-function evaluation of the RFC finding." [Filing No. 12 at 12.] Turning to the ALJ's omission of a hand limitation, the Commissioner argues that the RFC is reasonable since "[n]o treatment provider said [Cinimen H.] had any manipulative limitations." [Filing No. 12 at 13.] The Commissioner asserts that "the ALJ reasonably specified that [Cinimen H.'s] complaints of numbness in her extremities and dropping objects were not persuasive in light of her generally intact sensation and full strength in the upper extremities." [Filing No. 12 at 13.] The Commissioner also contends that Cinimen H. did "not meet her burden of explaining what manipulative limitations the ALJ should have, but did not, include in the RFC finding." [Filing No. 12 at 13.] Accordingly, the Commissioner argues that Cinimen H. is asking the Court to reweigh the evidence, and as such, remand is inappropriate. [Filing No. 12 at 12-14.]

Cinimen H. replies that there is evidence in the form of a median nerve compression test that supports a stronger limitation for hand usage, but the ALJ did not consider it or "explain how the treatment records documenting her hand problems factored into his lack of findings on hand use limitations." [Filing No. 13 at 1-2.] She argues that, although the state agency consultants did not have the opportunity to consider the median nerve compression test results because the test occurred after they issued their opinion, the ALJ should have considered this evidence and discussed it in his RFC rationale. [Filing No. 13 at 1-2.] Cinimen H. also asserts that the ALJ's opinion is not necessarily saved by the fact that the RFC had more limitations than what was identified in the consultants' opinions. [Filing No. 13 at 3.] She argues that she is not asking the Court to reweigh the evidence and reiterates her argument that the ALJ failed to "provide a logical bridge between the evidence and his conclusions." [Filing No. 13 at 4-5 (quotation and citation omitted).]

The RFC is an indication of the most that the claimant can do in a work setting despite her mental and physical limitations and it must incorporate all of the claimant's limitations supported by the medical record. 20 C.F.R. § 404.1545; *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015); *Thomas v. Colvin*, 745 F.3d 802, 807 (7th Cir. 2014). In assessing a claimant's RFC, "the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the [ALJ's] ruling." *Villano*, 556 F.3d at 563. While the ALJ need not discuss every piece of evidence in the record, the ALJ must "build an accurate and logical bridge from the evidence to [the] conclusion so that" the reviewing court "may assess the validity of the agency's final decision and afford [a claimant] meaningful review.'" *Giles v. Astrue,* 483 F.3d 483, 487 (7th Cir. 2007) (internal quotations omitted); *see also Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) ("Although an ALJ need not mention every

7

snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence."). Where the ALJ's decision "lacks evidentiary support or is so poorly articulated as to prevent meaningful review, the case must be remanded." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

### 1. Two Minutes Each Hour Sit/Stand Option

The ALJ determined as part of Cinimen H.'s RFC that she can "perform light work as defined in 20 C.F.R. 404.1567(b) except [that she] has the option to alternate to a sitting or standing position at the work station for two minutes each hour." [Filing No. 8-2 at 18.] The ALJ did not explain how he determined this two-minute each hour interval. The ALJ stated, however, that he found "the prior administrative medical findings generally persuasive." [Filing No. 8-2 at 23]. Both prior administrative medical findings from state agency doctors noted that Cinimen H. has exertional, postural, and environmental limitations. [Filing No. 8-3 at 5-6; Filing No. 8-3 at 10-11.] Of the postural and environmental limitations identified by the state agency doctors in the reports, the ALJ included the majority of them in his RFC determination, including that Cinimen H. can: occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, kneel, or crouch; cannot crawl, and must avoid concentrated exposure to unprotected heights. [Filing No. 8-2 at 19; Filing No. 8-3 at 5-6; Filing No. 8-3 at 10-11.] Notably, however, the ALJ did not make any mention of the twice-noted exertional limitation that Cinimen H. could "[s]tand and/or walk (with normal breaks) for a total of: [a]bout 6 hours in an 8 hour workday" and "[s]it (with normal breaks) for a total of: [a]bout 6 hours in an 8 hour workday." [Filing No. 8-3 at 5 (emphasis omitted); Filing No. 8-3 at 10 (emphasis omitted).] The ALJ gave no explanation or evidentiary support as to why a part of the state agency doctors' medical finding is fully persuasive, and yet another, not worth mentioning at all. To the extent the ALJ sought to

8

discount the examiners' opinion by imposing a two-minute vs. two-hour accomodation, the opinion is wholly lacking in any rationale for such determination.

While the ALJ need not mention every piece of evidence in the record, the omission of the sit/stand limitation is particularly concerning considering: (1) Cinimen H.'s testimony that she can stand for about forty-five minutes before needing to sit due to pain, she can walk for about thirty minutes before the pain is too great, she can hardly move the day after working, and she is usually only capable of making dinner "as simple as possible" after working, [Filing No. 8-2 at 39-43]; (2) Cinimen H.'s reports to her doctors that support her complaints of pain, [Filing No. 8-10 at 66; Filing No. 8-10 at 73]; and (3) the lack of an articulate justification. The ALJ seemed to justify the two-minute each hour sit/stand option by explaining that Cinimen H.'s "statements about the intensity, persistence, and limiting effects of her symptoms," should be discounted because "they are inconsistent [and] not wholly supported by objective evidence." [Filing No. 8-2 at 23.] The ALJ pointed to the fact that Cinimen H. "generally exhibited no significant cardiovascular or respiratory abnormalities despite allegations of heart palpitations and difficult breathing," and that "she was still working at [her] job twice a week for eight hours a day, which indicates the claimant's conditions are not as limiting as [she] alleged." [Filing No. 8-2 at 23.]

These reasons do not build a logical bridge between the evidence and the ALJ's conclusion that Cinimen H. need only alternate positions for two minutes each hour to accommodate her pain. First, the main source of Cinimen H.'s need for a sit/stand option is not cardiovascular or respiratory. Cinimen H.'s complaints of disabling pain and her need to sit down stem from her history of back pain, for which she underwent a three-level anterior cervical discectomy and fusion at C3-6, and her experience with symptoms including difficulty walking and standing due to pain, numbness, tingling in her feet, and radiating pain in her left hip and leg. [Filing No. 8-2 at 39-43;

Filing No. 8-8 at 173]. Second, the fact that Cinimen H. works twice a week does not mean that her symptoms are not as alleged. Indeed, "even persons who are disabled sometimes cope with their impairments and continue working long after they might have been entitled to benefits." *Shauger v. Asture*, 675 F.3d 690, 697 (7th Cir. 2012) (emphasis omitted); *see also Jelinek v. Astrue*, 662 F.3d 805, 812 (7th Cir. 2011) (explaining that a claimant's part-time employment did not support "a conclusion that she was able to work a full-time job, week in and week out, given her limitations"). The ALJ's omission of the exertional limitations identified by the state agency doctors, plus the lack of a sufficient explanation as to the reason for the omission or deviation from that limitation, amount to the absence of an accurate and logical bridge from the evidence to the ALJ's conclusion.

Nevertheless, the Commissioner argues that the lack of a function-by-function written account of Cinimen H.'s exertional capacity does not require remand, citing *Jeske v. Saul*, 955 F.3d 583, 596 (7th Cir. 2020). [Filing No. 12 at 12.] While Court agrees with this point of law, the argument is misguided because the ALJ must still "build an accurate and logical bridge from the evidence to [the] conclusion so that [the reviewing court] may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles*, 483 F.3d at 487 (internal quotations omitted). Here, no such "bridge" appears, and the Court must remand for further consideration. *See Peeters*, 975 F.3d at 641.

### 2. Omission of Hand Limitation

Cinimen H. also challenges the ALJ's decision to omit any hand limitation from the RFC despite objective evidence documenting numbness and tingling in her hands. [Filing No. 10 at 4.] Because the ALJ did not build a logical bridge regarding his calculation of the sit/stand option, the Court need not resolve this issue. However, on remand, the ALJ shall seek an appropriate

supplemental medical consult to account for medical records submitted after the state agency evaluations. *See Goins v. Colvin*, 764 F.3d 677, 680, 682 (7th Cir. 2014) (explaining that the ALJ made a "critical failure" when she "failed to submit [an] MRI to medical scrutiny, as she should have done since it was new and potentially decisive medical evidence").

### B. The ALJ's Consideration of Cinimen H.'s Subjective Symptoms

Cinimen H. also argues that the ALJ did not properly assess her subjective symptoms as required under SSR 16-3p. [Filing No. 10 at 4.] The Court need not resolve this issue because it finds that the issue discussed above is dispositive. Nevertheless, on remand, the ALJ should take care to follow the appropriate standard for subjective symptom evaluation and should not overplay the significance of part time work. *See Villano*, 556 F.3d at 562 (explaining the standard for determining credibility and stating that "the ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it"); *Pierce v. Colvin*, 739 F.3d 1046, 1050-51 (7th Cir. 2014) (finding that the ALJ erred when he concluded that the claimant should be able to work full-time based on her part-time work).

### IV. CONCLUSION

For the reasons detailed herein, the Court **REVERSES** the ALJ's decision denying Cinimen H. benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four) and 1383(c). Final judgment shall enter accordingly.

Date: 9/11/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**